STATE, EX REL. EUGENE D. O'SULLIVAN, RELATOR, v. HARRY R. SWANSON, SECRETARY OF STATE, RESPONDENT.

FILED NOVEMBER 13, 1934. No. 29406.

*Eugene D. O'Sullivan, pro se.*

*Paul F. Good, Attorney General,* and *Daniel Stubbs, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and LANDIS, District Judge.

GOSS, C. J.

This is a mandamus action to compel the secretary of state to accept a petition of nomination bearing the proper number of qualified signers and the relator's acceptance of the nomination, and to compel the secretary of state to cause relator's name to be placed on the official ballot for the 1934 general election as a candidate "by petition" for the office of United States senator from this state. The respective pleadings stated the facts, about which there was no dispute, leaving only questions of law to be decided. The petition was filed October 6, 1934. The answer and all briefs were filed by October 13, 1934, on which day oral argument was heard by the court. As Tuesday, October 16, 1934, was the last day for the secretary of state to certify the names of candidates to the county clerks, the judgment of this court was entered on Monday, October 15, 1934. That judgment denied the writ. It is the purpose of this opinion to record briefly the reasons for the judgment.

The relator filed under the primary laws as a candidate for governor and the secretary of state caused his name to be printed on the ballots as a candidate for that office at the statewide primary held August 14, 1934. Relator was

defeated. At that primary candidates for United States senator were nominated. The secretary of state refused to place relator's name on the ballot as a nominee because of the statute which says: "No candidate defeated at the primary election shall be permitted to file by petition in the general election next following." Comp. St. 1929, sec. 32-1125.

We recently held that the section above quoted prevented one who was an unsuccessful candidate at the 1934 primaries for secretary of state from having his name placed on the ballot for the general election as a candidate for the office of state auditor. *State, ex rel. Driscoll, v. Swanson, ante,* p. 715, in which the judgment was entered October 6, 1934, and the opinion was filed October 19, 1934. However, much that was said in the opinion is applicable here and will not need to be repeated. The reasoning of the opinion there is adopted here as far as it goes. The issue here is whether the relator is entitled to have his name printed on the ballot as a candidate nominated by petition, regardless of the *Driscoll* decision, because the office relator seeks is a federal office rather than a state office. The question is not whether he may be a candidate, but whether he may be nominated by petition and have his name printed on the ballot at the state's expense. He may be a candidate and if electors write his name on the ballot in sufficient numbers he will be elected.

Section 3, art. I of the Constitution of the United States, provides for the qualifications of a senator: "No person shall be a senator who shall not have attained to the age of thirty years, and been nine years a citizen of the United States, and who shall not, when elected, be an inhabitant of that state for which he shall be chosen."

Section 4, art. I of. the Constitution, provides: "The times, places and manner of holding elections for senators and representatives, shall be prescribed in each state by the legislature thereof; but the congress may at any time by law make or alter such regulations, except as to the places of choosing senators."

The seventeenth amendment provides that senators from each state may be elected by the qualified people thereof. The supreme court has held that this gives no new meaning to sections 3 and 4, art. I of the Constitution. *Newberry v. United States,* 256 U. S. 232.

There is no act of congress regulating the nomination of candidates to be voted for at a general election. But relator urges that the state primary law here involved is in conflict with sections 3 and 4, art. I of the federal Constitution.

The supreme court of the United States has held that the control of primary elections and nominations is exclusively within the power of the state. *United States v. Gradwell,* 243 U. S. 476. In *Newberry v. United States,* 256 U. S. 232, it was held that the congress has no power to regulate the nominations of candidates for United States senator. The court said:

"We cannot conclude that authority to control party primaries or conventions for designating candidates was bestowed on congress by the grant of power to regulate the manner of holding elections. The fair intendment of the words does not extend so far; the framers of the Constitution did not ascribe to them any such meaning. Nor is this control necessary in order to effectuate the power expressly granted. On the other hand, its exercise would interfere with purely domestic affairs of the state, and infringe upon liberties reserved to the people.

"It should not be forgotten that, exercising inherent police power, the state may suppress whatever evils may be incident to primary or convention."

The legislature considered it an evil for one who had unsuccessfully submitted his candidacy at the primary to be allowed to be nominated later as a candidate for the same or for another office, and again to be permitted to have his name printed upon official ballots at the expense of the public.

Relator has all the qualifications for the office of senator. The state statute in no manner seeks to add other qualifi-

cations. It does not prevent him from being a candidate. It is not unconstitutional, as clearly appears from the decisions of the supreme court of the United States.

The refusal of the secretary of state to accept the nominating petition and relator's acceptance thereof is fully justified. The writ is therefore denied.

WRIT DENIED.