**Alden K. GRAY, Plaintiff,**

v.

**John W. MACY, Jr., Robert E. Hampton and Ludwig J. Andolsek, Commissioners of the United States Civil Service Commission, Defendants.**

Civ. No. 63–582.

United States District Court
D. Oregon.

Jan. 5, 1965.

William S. McLennan, Portland, Or., for plaintiff.

Charles H. Habernigg, Asst. U. S. Atty., Portland, Or., for defendants.

KILKENNY, District Judge.

Plaintiff, discharged from his position as a postal clerk for alleged violations of the Hatch Act,[1] seeks a review of the findings against him by the commission and an affirmative declaration that his discharge and removal was wrongful.

The charges against the plaintiff, sustained by the trial examiner and the commission, consisted of the following:

I. "In and about April or May 1962 at Philomath, Oregon, you solicited Francis M. Coon to seek election as Chairman of the Benton County Democratic Party Central Committee, Benton County, Oregon.

II. "In and about January or February 1962 at Philomath, Oregon you solicited Martha M. Gray, Democratic Party Committeewoman of the West Philomath, Oregon Precinct, to vote for the election of E. L. Callahan as Chairman of the Benton County Democratic Party Central Committee, Benton County, Oregon.

III. "In and about April or May 1962 at Philomath, Oregon you solicited Francis M. Coon, Democratic Party Committeeman of the West Philomath, Oregon Precinct, to vote for the election of E. L. Callahan as Chairman of the Benton County Democratic Party Central Committee, Benton County, Oregon.

IV. "In and about March or April 1962 at a meeting of the Benton County Democratic Party Central Committee held in Corvallis, Oregon you took an active part in said meeting by speaking in behalf of Gus Hall and did so over the objection of the presiding Chairman.

V. "In and about May 1962 at Corvallis, Oregon you took an active part in the management of the Benton County Democratic Party Central Committee at Corvallis, Oregon in that you aided and assisted Helen L. Burch, Democratic Committeewoman for Precinct No. 7, to solicit registered Democratic Party members to become Committeemen of the Party by accompanying, directing, and introducing her, on five or more occasions,. to registered members of the Democratic Party."

Plaintiff challenges the sufficiency of the evidence presented in support of any one or more of said charges and affirmatively claims that there was no substantial evidence, in support thereof, presented at the hearing of February 27, 1963.

That the case was carefully tried and the facts exhaustively presented at the time of the hearing, is demonstrated with an abundance of clarity, by a study of the 192 page transcript and the exhibits introduced at the time of the hearing.

1. 5 U.S.C. § 118i.

■ On this review I am not permitted to try *de novo* the merits of the controversy and substitute my own judgment for that of the commission. 5 U.S.C. § 1009.

Although Judge Bryan in McEachern v. United States, 321 F.2d 31 (4th Cir. 1963) expressed a belief that the review provisions of the Administrative Procedure Act did not apply to "the selection or tenure of an officer or employee of the United States," [2] he supports his conclusion by using the provisions of that portion of the Act which apply only to notice, procedures with reference to interested parties, authority and functions of officers and employees, and declaratory orders. True enough, the selection or tenure of an officer or employee of the United States, other than certain examiners, is excluded from these provisions. Of much more importance, is the fact that the selection and tenure of employees is not excluded from the operation of the provisions of the entire chapter,[3] which other provisions include those for a judicial review of agency action.[4]

■ Subdivision (e) of 5 U.S.C. § 1009 requires the reviewing court to hold unlawful and set aside agency action, findings and conclusions found to be: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;" or "(5) unsupported by substantial evidence." Other areas within the court's power of review are not here in question. Generally, the reviewing court's duty is at an end when it becomes evident that the agency action is based on substantial evidence and is consistent with statutory powers. The wisdom of the decision is of no concern to the court. Securities & Exchange Comm. v. Chenery Corp., 332 U.S. 194, 207, 67 S.Ct. 1575, 1760, 91 L.Ed. 1995 (1947); Board of Trade v. United States, 314 U.S. 534, 548, 62 S.Ct. 366, 86 L.Ed. 432 (1942). The term "substantial evidence" is a term of art used to describe the basis on which an administrative record is to be judged by a reviewing court and such standard goes to the reasonableness of what the agency did on the basis of the evidence before it. United States v. Carlo Bianchi & Co., 373 U.S. 709, 715, 83 S.Ct. 1409, 10 L.Ed.2d 652 (1963). Another test is whether the evidence is such that a reasonable mind might accept it as adequate to support a conclusion. Willapoint Oysters v. Ewing, 174 F.2d 676 (9th Cir. 1949), cert. denied, 338 U.S. 860, 70 S.Ct. 101, 94 L.Ed. 527 (1949). Even if inconsistent inferences can be drawn from the evidence, with logic and reasoning in support of each, the finding of the trial tribunal based on one of those inferences if supported by substantial evidence, will not be disturbed. Davis, Administrative Law § 29.05 (1959).

■ A thorough study and analysis of the entire record convinces me that the evidence in support of the Commission's findings is substantial and that its action was in accordance with law. I find no problem in affirming the decision of that agency in discharging the plaintiff.

■ Turning to the plaintiff's attack on the constitutionality of the Hatch Act, the case of United Public Workers v. Mitchell, 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754 (1947), as I view it, is precisely in point. Plaintiff attempts to distinguish that case. The theories expounded in Wilson v. United States Civil Service Commission, 136 F.Supp. 104 (D.D.C.1955) and Torcaso v. Watkins, 367 U.S. 488, 81 S.Ct. 1680, 6 L.Ed.2d 982 (1961) have not destroyed, or for that matter, essentially eroded the effect of the decision in Mitchell on the constitutionality of the Act.

The action of the Commission should be affirmed.

It is so ordered.

2. 5 U.S.C. § 1004.

3. Chapter 19.

4. 5 U.S.C. § 1009.