**William M. BROADRICK et al.,**
**Plaintiffs,**

**v.**

**The STATE OF OKLAHOMA ex rel. The OKLAHOMA STATE PERSONNEL BOARD et al., Defendants.**

**Civ. No. 71-696.**

United States District Court,
W. D. Oklahoma.

Feb. 14, 1972.

Terry Shipley, Noble, Okl., and John C. Buckingham, Oklahoma City, Okl., for plaintiffs.

Jack Swidensky, Gen. Counsel, and Harvey Cody, Conservation Atty., for defendant, Corp. Comm. and Commissioners.

Larry Derryberry, Atty. Gen. of Okl., Mike D. Martin, Paul C. Duncan, Jr., and Odie A. Nance, Asst. Attys. Gen., for defendants State of Okl. ex rel. The Okl. State Personnel Bd., Members and Director thereof, and defendant Larry Derryberry, Atty. Gen.

Before HOLLOWAY, Circuit Judge, and DAUGHERTY and EUBANKS, District Judges.

## MEMORANDUM OPINION

EUBANKS, District Judge.

### BACKGROUND AND OUTLINE OF THE ISSUES

This is a declaratory class action brought by three employees of the Oklahoma Corporation Commission seeking an Order of this Court declaring a portion of the Oklahoma Merit System of Personnel Administration Act to be unconstitutional. Jurisdiction is conceded under 42 U.S.C. § 1983 and a three-judge court was convened to hear the matter pursuant to 28 U.S.C. § 2281 et seq.

The issues as framed at the pretrial conference are:

Plaintiffs contend that the defendants, and each of them, under color of 74 O.S., Section 818, in pertinent part as follows:

"No employee in the classified service, and no member of the Personnel Board shall, directly or indirectly, solicit, receive, or in any manner be concerned in soliciting or receiving any assessment, subscription or contribution for any political organization, candidacy or other political purpose; and no state officer or state employee in the unclassified service shall solicit or receive any such assessment, subscription or contribution from an employee in the classified service.

No employee in the classified service shall be a member of any national, state or local committee of a political

party, or an officer or member of a committee of a partisan political club, or a candidate for nomination or election to any paid public office, or shall take part in the management or affairs of any political party or in any political campaign, except to exercise his right as a citizen privately to express his opinion and to cast his vote."

are subjecting plaintiffs to the deprivation of the rights, privileges and immunities secured to plaintiffs by the Constitution and laws of the United States. In more particularity, plaintiffs contend:

1. That the blanket prohibition of political activity in Section 818 is an unjustified encroachment upon the plaintiffs' First Amendment rights of free speech, assembly and press;

2. That the above quoted paragraphs of Section 818 are extremely broad in that they abridge plaintiffs' First Amendment rights to a far greater extent than is required to correct the evils at which the Statute is directed;

3. That the above quoted paragraphs of Section 818 are unconstitutionally vague, and reasonable men often differ as to their interpretation and may only guess at what activities fall within the broad prohibitions in the Statute;

4. That the above quoted paragraphs of Section 818 deny the equal protection of the laws to the class of citizens affected by the Statute in that it denies to that group of citizens the rights granted to all other citizens without justification for the distinction.

5. That the above quoted paragraphs of Section 818 divest the plaintiffs' Fifth and Fourteenth Amendment guarantees of due process of law in that plaintiffs are denied their political liberty without justification;

6. That Section 818 divests the class of Fifth and Fourteenth Amendment guarantees of substantive due process of law in that their vested property rights are subject to divestment without just cause or due process;

7. That plaintiffs, William M. Broadrick, Jimmy R. Ury, and Clive R. Rigsby, by virtue of their employment with the State of Oklahoma, have acquired valuable vested property rights. The Merit System of Personnel Administration Act of Oklahoma, supra, vests said plaintiffs with rights of tenure during good behavior and the Oklahoma Retirement System Act vests said plaintiffs with valuable retirement benefits upon the condition that said plaintiffs be employed in good standing upon the date of their retirement;

8. That the defendants threaten to invoke the sanctions of Section 818 against said plaintiffs for certain alleged political activities of the plaintiffs, and the defendant, Oklahoma State Personnel Board, and its members threaten to order the defendant, Corporation Commission, and its members to dismiss plaintiffs from their employment pursuant to Section 818 which requires the defendant, Corporation Commission, to comply;

9. That plaintiffs have no adequate remedy at law and the defendants will, if not enjoined by this Court, undertake to effect the dismissal of plaintiffs from their employment, all under color of Section 818.

The defendant, Corporation Commission, contends that:

1. They consider the plaintiffs good employees and have not threatened to dismiss them, or any of them, and have no intention to dismiss them unless required to do so by a lawful order of an authority authorized by law to compel said defendants to dismiss plaintiffs from their employment;

2. The defendant, Oklahoma State Personnel Board, as of the time of the filing of the answer of the above named defendants herein, had not furnished the said defendants with any details or information concerning the violations of the Merit System Act other than the copy of the original notice of the general charges made by the Board, and that said defendants were not informed as to the specific violations which the Board may expect to prove and that said de-

fendants deny that they solicited or encouraged the plaintiffs to take part in any political activities at any time.

The State of Oklahoma, ex rel., The Oklahoma State Personnel Board contends as follows:

1. That they specifically deny that they, or any of them, under color of 74 O.S.1971, Section 818, are subjecting plaintiffs to the deprivation of the rights, privileges and immunities secured to plaintiffs by the Constitution and laws of the United States;

2. That they specifically deny that the blanket prohibition of political activity in Section 818 is an unjustified encroachment upon the plaintiffs' First Amendment rights of free speech, assembly and press;

3. That they specifically deny that Section 818 is overly broad in that it abridges plaintiffs' First Amendment rights to a far greater extent than is required to correct the evils at which the Statute is directed;

4. That they specifically deny that Section 818 is unconstitutionally vague, and reasonable men often differ as to its interpretation and may only guess at what activities fall within the broad prohibitions in the Statute;

5. That they specifically deny that Section 818 denies the equal protection of the laws to the class of citizens affected by the Statute in that it denies to that group of citizens the rights granted to all other citizens without justification for the distinction.

6. That they specifically deny that Section 818 divests the plaintiffs' Fifth and Fourteenth Amendment guarantees of due process of law in that plaintiffs are denied their political liberty without justification;

7. That they specifically deny that Section 818 divests the class of Fifth and Fourteenth Amendment guarantees of substantive due process of law in that plaintiffs' vested property rights are subject to divestment without just cause or due process;

8. That as to plaintiffs' Contention No. 7, these defendants have no knowledge as to said allegations, and therefore are unable to admit or deny same;

9. That they specifically deny that plaintiffs have no adequate remedy at law;

10. That all of the acts and actions of each of the defendants above named have been in accordance with the laws of the State of Oklahoma;

11. Said defendants specifically deny that any of the Statutes cited in plaintiffs' Complaint are unconstitutional.

Evidence was heard and arguments were presented on January 20, 1972. The Court, being fully advised, does now find and conclude:

## FINDINGS OF FACT

1. Plaintiffs are William M. Broadrick, Jimmy R. Ury, and Clive R. Rigsby, citizens of the State of Oklahoma, for themselves and for the class, "Classified Employees within the Classified Service of the State of Oklahoma." Each plaintiff is, and has been at all times material, an employee of the defendant Corporation Commission of the State of Oklahoma.

2. Each plaintiff is a classified employee of the State within the purview of the Merit System of Personnel Administration Act of Oklahoma, 74 O.S. 1971, §§ 801, et seq., which is administered by the defendant Oklahoma State Personnel Board.

3. Defendants in the action are the State of Oklahoma, ex rel, the Oklahoma State Personnel Board, and A. E. Plume, Chairman, Raymond H. Fields, Vice-Chairman, Nathan A. Sams, Member, Tom R. Moore, Member, E. W. Harper, Member, Mrs. John D. (Helen) Cole, Member, in their individual capacities and as members of the defendant, Oklahoma State Personnel Board; Keith B. Frosco, Director of the Oklahoma State Personnel Board; Larry Derryberry, Attorney General of Oklahoma; the Corporation Commission of the State of Oklahoma, Charles Nesbitt, Chair-

man, Ray C. Jones, Vice-Chairman, and Wilbur Cartwright, Member, in their individual capacities and as members of the defendant Corporation Commission.

4. Pursuant to paragraphs six and seven of 74 O.S.1971, § 818, containing prohibitions against political activity on the part of certain state employees, and under authority of paragraph eight of Section 818 and 74 O.S.1971, § 805, the State Personnel Board of the State of Oklahoma on October 15, 1971, charged plaintiffs individually with violating the provisions of paragraphs six and seven of Section 818.

5. On October 18, 1971, notices were sent by the Personnel Board to each of the plaintiffs specifying the charges made against them; after receiving a request for a hearing from plaintiffs, the Personnel Board sent amended notices to plaintiffs on November 16, 1971, reiterating the charges against them and specifying the Oklahoma Statutes under which the hearing would be conducted.

6. Pursuant to a request by plaintiffs for a more detailed description of the charges, the Personnel Board furnished specific data in the nature of a bill of particulars by separate letter to each plaintiff on December 1, 1971.

7. Upon application of plaintiffs to the Personnel Board for a stay of the hearings on the prohibited political activity charges against plaintiffs, the Personnel Board entered an order on December 16, 1971, continuing said hearings until the constitutionality of unnumbered paragraphs six and seven of Section 818 had been determined.

8. This suit filed by plaintiffs on December 16, 1971, attacks only unnumbered paragraphs six and seven of Section 818 relating to prohibited political activity on the part of certain State employees. These paragraphs go to the very heart of the Act.

9. Plaintiffs have failed to establish that reasonable men differ as to the interpretation of the provisions of paragraphs six and seven of Section 818.

The same is not vague or overbroad despite minor differences in interpretation by the Attorney General.

10. Paragraphs six and seven of Section 818 are understood by reasonable men to prohibit state employees from being involved in prescribed partisan political activity.

11. Paragraphs six and seven of Section 818 are understood by reasonable men to not prohibit state employees from being involved in non-partisan political activity.

12. Plaintiffs have failed to establish that paragraphs six and seven of Section 818 have cast any chilling effect upon any state employee's First Amendment rights.

13. The issue of whether plaintiffs have or have not violated the Act is not for us to decide.

From the foregoing facts, the Court concluded:

## CONCLUSIONS OF LAW

1. The First Amendment to the Constitution of the United States provides that "Congress shall make no law . . . abridging the freedom of speech, or of the press."

2. The Fifth Amendment to the Constitution of the United States provides that "No person shall be . . . deprived of life, liberty, or property, without due process of law."

3. The Fourteenth Amendment to the Constitution of the United States provides that "No state shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws."

4. Paragraphs six and seven of Title 74 O.S.1971, § 818, do not violate the First, Fifth or Fourteenth Amendment to the Constitution of the United States.

5. Paragraphs six and seven of Title 74 O.S.1971, § 818, do not violate U.S.Code, Title 42 § 1983.

6. We conclude that the Oklahoma Legislature has the power to regu-

late, within reasonable limits, the political conduct of state employees in order to promote efficiency and integrity in the public service. United Public Workers of America v. Mitchell, 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754 (1947); Gray v. City of Toledo, D.C., 323 F.Supp. 1281 (1971). Stack v. Adams, 315 F.Supp. 1295 (N.D.Fla.1970), Wisconsin State Employees Assoc. v. Wisconsin Natural Resources Bd., 298 F.Supp. 339 (W.D. Wis.1969).

■ 7. We conclude that the constitutional guarantees of free speech and association are not absolutes and this Court must balance the extent of these freedoms against a legislative enactment designed as a safeguard against the evils of political partisanship by state employees. United Public Workers of America v. Mitchell, 330 U.S. 75, 67 S. Ct. 556, 91 L.Ed. 754 (1947), Gray v. City of Toledo, D.C., 323 F.Supp. 1281 (1971).

8. We find that a government's interest in avoiding the danger of having promotions and discharges of civil servants motivated by political ramifications rather than merit is highly desirable. This interest is of such an importance that it may properly be classified as a compelling governmental interest, and a showing of a compelling governmental interest is sufficient to justify some encroachment upon an individual's first amendment rights. Gray v. City of Toledo, D.C., 323 F.Supp. 1281 (1971). Gibson v. Florida Legislative Investigation Committee, 372 U.S. 539, 83 S.Ct. 889, 9 L.Ed.2d 929 (1963). N. A. A. C. P. v. Button, 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963).

9. We find that the provisions of unnumbered paragraphs six and seven of Title 74 O.S.1971, § 818, prohibiting political activity by state employees, are directly related to the State's goal of prohibiting partisan political activity. Said provisions allow state employees to participate in political decisions at the ballot box and prohibit only the partisan activity that would threaten efficiency and integrity and does not restrict public and private expressions on public affairs and personalities so long as the employee does not channel his activity towards party success. These prohibitions do not unduly infringe upon protected rights under the First Amendment to the United States Constitution. United Public Workers of America v. Mitchell, 330 U.S. 75, 67 S.Ct. 556, 91 L. Ed. 754 (1947).

■ 10. Plaintiffs claim that they have vested property rights by virtue of their employment with the State of Oklahoma, tenure through the Merit System of Personnel Administration of Oklahoma and retirement benefits through the Oklahoma Retirement Systems Act. This may be true but by "due process" those rights might be extinguished if violations of the Act are established. The private interests of plaintiffs in their employment are not unconstitutionally affected by paragraphs six and seven of Title 74 O.S. 1971, § 818. Norman v. U. S., 392 F.2d 255, 183 Ct.Cl. 41 (1968). United Public Workers of America v. Mitchell, 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754 (1947).

■ 11. The claim of plaintiffs that the holding in *Mitchell* has been eroded by the subsequent decisions cited by them is untenable. An inferior court can never "erode" a decision of the United States Supreme Court.

For the foregoing reasons the relief sought by plaintiffs is in all things denied.