(No. 5654. February 5, 1931.)

PAYETTE COUNTY, Plaintiff, v. H. C. BALDRIDGE, Governor, FRED E. LUKENS, Secretary of State, W. D. GILLIS, Attorney General, E. G. GALLET, State Auditor, and BYRON DEFENBACH, State Treasurer, as the State Board of Equalization, Defendants, and LATAH COUNTY, Intervenor.

[296 Pac. 194.]

R. E. Leitch and W. H. Langroise, for Plaintiff.

W. D. Gillis, Attorney General, and Leon M. Fisk and Fred J. Babcock, Assistant Attorneys General, for Defendants.

Abe Goff, for Intervenor.

ADAIR, District Judge.—Payette County, one of the governmental subdivisions of the state of Idaho, presented to this court an application for a writ of mandate against the above-named defendants, as the State Board of Equalization, asking that the writ issue directing them to order a reassessment of the following classes of personal property, viz.: household goods, tools, farm implements and machinery in the counties of Ada, Butte, Boundary, Canyon, Gem, Jerome, Lemhi, Madison, Minidoka, Power, Gooding, Twin Falls and Bannock. In the petition it is alleged that the assessors of said counties have heretofore appeared before said board, and admitted that they violated section 3163, Compiled Statutes, as amended by chapter 253, Laws of 1929, and that the auditors of said counties have refused to show on their respective abstracts of personal property, submitted to said State Board of Equalization, all property entered upon the personal property assessment-rolls, including property exempt from taxation under subdivisions 4, 6, 7 and 8 of C. S., sec. 3099, as amended by chapter 201 of the Laws of 1929; and that said assessors admitted to the board that it is the practice in their counties not to assess any farm implements and machinery, save and except tractors and combine harvesters, and not to show on their assessment-rolls, any household goods where the total valuation thereof did not exceed the sum of $400, and was, as a consequence, entitled to exemption from taxation.

Prior to making application for the writ, Payette County made a demand upon the State Board of Equalization that

it order the said counties to reassess this class of property and certify the true valuation thereof to the State Board in order that these several counties might be required to pay their just and proportionate share of state tax in accordance with the valuation of all property in said county, thus relieving the plaintiff, Payette County, from paying a greater amount than its true proportionate share of such state taxes. The State Board of Equalization refused to order the reassessment. This court issued an alternative writ and ordered the defendants, as such state board, to appear and show cause on a date specified, why the writ should not be made permanent. In response to the writ, the defendants appeared and answered by a motion to quash, and filed a general demurrer to the petition.

Subsequent to such appearance the plaintiff, by leave of this court, filed its amended petition alleging in addition to the foregoing, in substance, that the action of the state board in refusing to order a reassessment was such a gross abuse of discretion as to be irreconcilable with honest judgment, since the board had before it certain statements of county assessors that they had not assessed in accordance with law, and information and reports of its field agent, and the board had an opportunity to make and had made investigations in reference to the actions of the assessors in failing to comply with said C. S., sec. 3163, *supra*.

Summarized, the injury to plaintiff, against which it seeks relief, may be stated to be that the statute requires all the personal property heretofore mentioned, whether exempt from taxation or not, to be placed on the assessment-roll and the same to be certified to the State Board of Equalization, and that all counties are required to pay a state tax, fixed and determined in accordance with the total valuation of all property in the county, whether exempt or not, and that all property must be so certified to the State Board of Equalization. It is claimed that Payette County has placed all of this class of property on its assessment-roll, and properly certified the same, and that having done so, and these

other counties having failed to comply with the statute in this regard, plaintiff is being penalized by having to pay a sum largely in excess of its proportionate share of state taxes.

Subsequent to the issuance of the amended writ, Latah county was granted leave to intervene in support of plaintiff's petition and writ.

The defendants appeared and moved to quash the amended writ, and demurred to the amended petition on the ground that same does not state facts sufficient to entitle plaintiff to have the writ issued, and further, that the plaintiff is not a proper party to the action and does not have the capacity or sufficient interest in the controversy to entitle it to maintain the suit. The matter is before us on said demurrer and motion to quash.

While not necessary to the proper determination of the issues presented in this cause, yet because of the likelihood of a reoccurrence of the wrongs complained of, we deem it pertinent and proper to make certain observations relative to the facts disclosed by the petition. If these allegations are true, it is apparent that a situation prevails in which a serious injustice has been done to a large number of taxpayers throughout the state, due to the malfeasance or misfeasance of county officers in various counties. Certain assessors are charged with wilfully disregarding their statutory duties and such conduct ought not to be further tolerated or permitted. C. S., sec. 3177, provides for the apportioning of the total state *ad valorem* tax among the several counties in the exact proportion that the total equalized assessed valuation of each as shown by the real and personal property assessment-rolls of each county bears to the total equalized assessment-rolls of all the counties in the state, including in such valuations the value of property exempted under certain subdivisions of C. S., sec. 3099, *supra*. In order to make the mathematical calculation required, the value of all the exempted property must be supplied to and known by the state board, and it is the manifest and manda-

tory duty of that board to obtain, and of the county officials to furnish, this information.

The legislature has provided and directed that all personal property of the classes above mentioned shall be listed and assessed, as other property, and specified the manner in which exemptions may be claimed and allowed. Failure on the part of an assessor to so list and assess such property is a direct and palpable failure to perform one of the important duties of his office, and while this dereliction militates in favor of the county in which it occurs, it necessarily results in an injustice to all the other counties in which the law has been complied with. The State Board of Equalization should require county officers who thus flagrantly violate the law to perform their duties in this respect to the extent, if necessary, of instituting legal proceedings to compel their compliance.

The State Board of Equalization is charged with the duty and vested with the power to equalize and adjust the taxes among the several counties, and to compel the proper county officers to furnish the necessary data, reports and abstracts so that this may be fairly and justly accomplished. Without expressly passing upon the question of the jurisdiction of this court to compel the State Board of Equalization, by writ of mandate, to act, we urgently call attention to these statutory requirements and obligations for the future guidance of the board.

The delay which has occurred since the inception of this case, due to the filing of the amended petition and writ, and the presentation of the demurrer and motion, has divested this court of jurisdiction to now make the writ permanent against these defendants. We take judicial notice of the fact that a general election has intervened and the State Board of Equalization is now a new board, a majority of its members having recently assumed office, and the two defendants, the Secretary of State and State Auditor, who were members of the old board, are now serving new terms of office by virtue of their re-election. The three

members who have retired are no longer interested in the controversy nor subject to the orders of this court. There can be no substitution of parties defendant, and the successors in office could not be punished as for contempt for refusing to obey any writ issued against their predecessors, since a judgment against the members of the former board would have no validity against the present members. The decision of this court in *Boise-Kuna Irr. Dist. v. Hartson*, 48 Ida. 572, 285 Pac. 456, involving the same identical principle, is applicable and controlling here. On the authority and reasoning of that case, this action must abate. Having determined that the writ will not now lie, it is unnecessary to pass upon any of the issues raised by the motion or demurrer. The writ is quashed and the action dismissed.

Lee, C. J., and Givens, Varian and McNaughton, JJ., concur.