Joseph A. MAMMON et al., Appellants,

v.

Frank SCHATZMAN, Middlesex County
Clerk et al.

No. 72–1718.

United States Court of Appeals,
Third Circuit.

Argued Oct. 6, 1972.

Decided Oct. 30, 1972.

Elliot H. Gourvitz, New Brunswick, N. J., for appellants.

George F. Kugler, Jr., and Morton I. Greenberg, Trenton, N. J., for appellees.

Before SEITZ, Chief Judge, and HASTIE and HUNTER, Circuit Judges.

## OPINION OF THE COURT

HASTIE, Circuit Judge.

This is an appeal from a decision by a single judge of the District Court for the District of New Jersey dismissing a complaint after denying a request for the convening of a statutory three-judge court pursuant to sections 2281 and 2284 of Title 28, United States Code.

The principal thrust of the complaint is an attack upon a New Jersey statute, N.J.S.A. 19:13–9, which requires those who wish to become independent candidates for elective office, no different from prospective candidates who seek nomination in a party primary,[1] to file their nominating petitions 40 days before the date of the primary election (by June 6 in 1972) in order that they may qualify to have their names appear on the official printed ballot for the November general election.

The principal plaintiff, Joseph Mammon, was a candidate for the office of Mayor of the Township of East Brunswick in the 1972 Republican primary election. Defeated in that primary, he thereafter filed a petition to have his name placed on the ballot for the November general election as an independent candidate for Mayor. This petition was rejected by the County Clerk, the defendant Schatzman, because it was tendered long after the deadline declared in N.J.S.A. 19:13–9. This suit challenges the statutory limitation on filing time as violative of the Constitution of the United States because it effectively prevents a candidate from having his name printed on the general election ballot as an independent candidate for an office after he has been defeated for nomination for the same office in the party primary.

It is familiar and unchallenged learning that a single district judge may hear and dismiss a challenge to the constitutionality of a state statute if the teaching of a Supreme Court decision or decisions plainly requires that result. In re Poresky, 1933, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152; *Cf.* California Water Service Co. v. City of Redding, 1938, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323. Here the district judge concluded that the Supreme Court's recent holding and reasoning in Jenness v. Fortson, 1970, 403 U.S. 431, 91 S.Ct. 1970, 29 L.Ed.2d 554, so clearly required a rejection of Mammon's contention that one judge could appropriately dispose of matter.[2]

■ Plaintiff Mammon was a candidate in a party primary prior to his attempted filing as an independent candidate. Sections 19:13–4 and 19:13–8, N.J.S.A., prevent a candidate who has filed for a party primary from filing as an independent in the general election. In Jenness v. Fortson, supra, the Supreme Court upheld the constitutionality of a similar alternative route provision in the Georgia election law. Consequently, a single district judge can properly rule that by force of the above cited sections, Mammon cannot lawfully be listed as an independent candidate on the November ballot. In these circumstances, we find it unnecessary to decide whether a substantial federal question is presented by the challenge to the unconstitutionality of section 19:13–9, which specifies for independent candidates a filing time identical to that specified in section 19:23–14 for candidates in a party primary.

■ The appellants other than Mammon contend that the statutory restrictions which preclude Mammon's name from appearing on the November ballot are unreasonably in derogation of their right to vote for him, the candidate of their choice. But, they have a right under the New Jersey statute to cast "write in" votes for him. Moreover, once it is concluded that Mammon is not constitutionally aggrieved by his inability to have his name appear on the ballot, we

---

1. See N.J.S.A. 19:23–14.
2. A similar decision by the Supreme Court of New Jersey, Sadloch v. Allan, 1957, 25 N.J. 118, 135 A.2d 173, could not be determinative of the right of a three-judge federal decision.

see no rational basis for conferring upon his would be supporters a constitutional right to find his name there.

■ Finally, appellant Bell complains that because of an invalid restriction on "cross over" voting he, who had voted as a Republican in the preceding election, was denied a Democratic absentee ballot for voting in the 1972 primary election. The recent decision of the District Court for the District of New Jersey in Nagler v. Stiles, 343 F. Supp. 415, decided May 26, 1972, precludes such interference with cross over voting in future elections. There is no suggestion in the present case that Bell's vote could have changed any result of the 1972 primary. Indeed, quite properly, he does not ask that any primary nomination be invalidated. His allegations disclose no basis for relief in this suit.

The judgment will be affirmed.