509 P.2d 1316

**Pete T. CENARRUSA, Secretary of State, State of Idaho, Plaintiff-Appellant,**

v.

**Harold E. PETERSON, County Clerk, County of Kootenai, State of Idaho, Defendant-Respondent.**

**No. 11130.**

Supreme Court of Idaho.

May 16, 1973.

W. Anthony Park, Atty. Gen., John Croner, Asst. Atty. Gen., Boise, for plaintiff-appellant.

Gary M. Haman, Pros. Atty., Kootenai County, Coeur d'Alene, for defendant-respondent.

McFADDEN, Justice.

This action for a writ of mandate was instituted on November 3, 1971, by Pete T. Cenarrusa, Secretary of State, to require Harold E. Peterson, the County Clerk of

Kootenai County, to mail out to "registered" electors in his county standard voter registration cards in conformity with the provisions of I.C. § 34–411A. An Alternate Writ was issued and return made. On November 26, 1971, the trial court heard the cause, and after briefs were submitted, rendered its opinion, findings of fact and conclusions of law, and its order quashing the alternative writ of mandate.

Subsequent to the hearing in this case in the trial court, the second regular session of the Forty-first Idaho Legislature (1972) enacted Chapter 197, amending the provisions of I.C. § 34–404, with an effective date of March 21, 1972, and thereafter enacted Chapter 392, amending, among other sections, I.C. § 34–411. This appeal was subsequently filed, and while it was being perfected, the primary election was held in August, 1972. After the appeal was perfected, the general election was held in November, 1972. This Court will take judicial notice of the holding of these elections. I.C. § 9–101. Payette County v. Baldridge, 50 Idaho 310, 296 P. 194 (1931). See, State v. Bath, 227 Ind. 481, 86 N.E.2d 680 (1949); Mills v. Green, 195 U.S. 651, 16 S.Ct. 132, 40 L.Ed. 293 (1895).

The appellant urges that the authority of the secretary of state to order blanket re-registration of voters under I.C. § 34–411A is at stake. The Forty-second Legislature at its first regular session (1973) enacted Chapter 123 (H.B. 217) which repealed I.C. § 34–411A as of July 1, 1973. (I.C. § 67–510). Because the elections for which blanket re-registration was sought have long since passed and because the section authorizing blanket re-registrations has been repealed, any question concerning the appellant's authority under I.C. § 34–411A is moot.

Appellant contends, however, that there are secondary issues for decision concerning the authority of the appellant to issue directives and disseminate supplies and materials. With this contention we do not concur. See, I.C. §§ 34–201, 34–202, and also § 34–206, as amended S.L.1971, Ch. 69. Other problems presented by this action dealt with statutes which were amended during the second session of the Forty-first Idaho Legislature by enactment of S.L.1972, Ch. 197, and Ch. 392, which enactments solved the problems discussed by appellant.

For the foregoing reasons this appeal is dismissed as moot. Tryon v. Baker, 94 Idaho 222, 485 P.2d 964 (1971). See also, Mills v. Green, supra; State v. Bath, supra; Johnston v. Kirkville Independent School Dist., 240 Iowa 1328, 39 N.W.2d 287 (1949). No costs allowed.

DONALDSON, C. J., and SHEPARD, McQUADE and BAKES, JJ., concur.