722 P.2d 488

**Harold W. RUSSELL, Petitioner-Appellant,**

v.

**Donald FORTNEY, Sheriff of Lewis County, Respondent.**

**No. 15779.**

Supreme Court of Idaho.

July 14, 1986.

Harold W. Russell, pro se.

ORDER

For prior report see, 111 Idaho 181, 722 P.2d 490 (App.1986).

The Appellant having filed a PETITION FOR REVIEW on May 20, 1986, and supporting BRIEF on May 28, 1986 seeking review of the Court of Appeals' Opinion filed May 5, 1986; and the Court being fully advised; therefore, after due consideration.

IT IS HEREBY ORDERED that the PETITION FOR REVIEW filed by Appellant be, and hereby is, DENIED and the Dissent on Denial of the Petition for Review by Huntley, J., be, and hereby is, RELEASED.

1. At this point Russell had been held seven months in a jail not permitted under the state's own regulations to hold a sentenced prisoner more than four months.

ON SUPREME COURT DENIAL OF PETITION FOR REVIEW

HUNTLEY, Justice, dissenting.

With rare exceptions, it has been the history of parties seeking to rectify unconstitutional and unconscionable conditions in Idaho jails and prisons to bring their action in federal court—this is because of a perception, probably correct, that Idaho's judges, both trial and appellate, have difficulty withstanding the pressures of either local government or state legislative attitudes when we accept and carry out our responsibility.

I can well realize, that in times of fiscal crisis, that it is difficult for a local district judge, who must be elected in his district, to order that jails meet some minimum standards. Likewise, the task is not easy from the standpoint of an appellate judge. But easy or not, our oath of office imposes upon us a duty.

This case presents the question of whether a detainee's petition for writ of habeas corpus on grounds his custodial conditions constitute cruel and unusual punishment becomes moot when he is transferred to a different place of incarceration.

On March 11, 1984, police arrested Harold Russell and placed him in the Lewis County jail. He later pled guilty to burglary and grand theft. On October 4, Russell filed a petition for writ of habeas corpus [1] alleging conditions at the jail violated his right against cruel and unusual punishment under the eighth amendment to the United States Constitution and art. 1, § 6 of the Idaho Constitution. On October 11, the Idaho district court sentenced Russell to the custody of the Idaho Board of Correction for a fixed term of ten years. (Russell is now serving that time in the state penitentiary.)

After sentencing, the court denied Russell's habeas corpus petition. The court said his confinement at Lewis County jail was legal [2] and that, in any event, his

2. This decision the trial court made without a hearing on the merits.

transfer from Lewis County jail to the state penitentiary made his case moot. The Idaho Court of Appeals affirmed and Russell petitioned for review by this court.

It is true that Russell is no longer subject to the conditions he alleged were unconstitutional. The general rule provides that where a writ cannot issue in time to remedy the alleged wrong done the petitioner, the case is moot and the court should deny the petition. *Spain v. Stewart*, 639 P.2d 166, 168 (Utah 1981); *Duran v. Morris*, 635 P.2d 43, 45 (Utah 1981).

Russell directs our attention to one of the exceptions to the mootness doctrine: If the alleged constitutional violation is likely to be repeated, and the duration of the violation to any one individual's rights is predictably less than the time ordinarily required to obtain a hearing on the issue, and the alleged violation is of strong public interest, then the mootness doctrine will not apply. *Rowe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); *Mallery v. Lewis*, 106 Idaho 227, 234, 678 P.2d 19, 26 (1983); *Robinson v. Bodily*, 97 Idaho 199, 541 P.2d 623 (1975); *Nelson v. Marshall*, 94 Idaho 726, 497 P.2d 47 (1972); *Dick v. Geist*, 107 Idaho 931, 693 P.2d 1133 (Ct. App.1985); *Wickham v. Fisher*, 629 P.2d 896, 899 (Utah 1981).

Russell's petition alleges [3] the jail's standard containment period is four months or less. The brevity of confinement would likely prevent inmates from obtaining judicial review of jail conditions absent application of an exception to the mootness doctrine. Since the issue of whether jail conditions are unconstitutionally cruel and unusual is of strong public interest, an exception to the mootness doctrine should apply in this case. *Wickham*, 629 P.2d at 899, *see Mallery*, 106 Idaho at 234, 678 P.2d at 26.

The Court of Appeals decided Russell's petition complained of official conduct directed specifically toward him, not toward inmates at the Lewis County jail in general. As a result the court held Russell failed to demonstrate a sufficient public interest in his treatment to warrant reversal of the district court's determination of mootness.

I have a two part response to the Court of Appeals' analysis. First, whether the alleged unconstitutional conditions at the jail affected more prisoners than just Russell goes to the issue of likelihood of repetition of the alleged constitutional violations, not whether such violations are of important public interest. Cruel and unusual punishment of even one detainee would be worthy of substantial public concern. Second, as argued in Judge Burnett's dissent to the Court of Appeals opinion, any fair reading of Russell's pro se petition indicates the conditions affected numerous inmates.

A habeas petition must be construed liberally when prepared by an inmate without counsel. *Calkins v. May*, 97 Idaho 402, 545 P.2d 1008 (1976), *Goff v. State*, 91 Idaho 36, 415 P.2d 679 (1966). The petition alleges Russell once had to wait three months to see a doctor because none was available; inmates had to share unsanitized razors; the jailers refused requests to call and be called by attorneys; a two month period passed without fresh air and exercise and often two weeks passed before Russell received one-half hour outside; detainment for a period fifty percent in excess of the maximum detainment period established for the jail; and too infrequent laundry services. Some of Russell's allegations apply explicitly to inmates at the jail generally: "failing to provide a clean and sanitized Razor after inmates used them...." "Our laundry (personal underwear and socks) have been takeing [sic] 4 days to get washed. We use [sic] to get

---

3. That such contention may have merit is evidence from the fact that the publication of the Idaho Sheriffs' Association entitled "Idaho Jail Standards," although couched in terms of "sentenced offenders," reads:

Because class "B" jails are deficient in *some* areas, they are to be used as *medium term* facilities with a containment period of four (4) months or less for sentenced offenders. A variance to allow longer incarceration must be issued by a judge or magistrate.

our personal laundry back the same day...." Reading this hand-written petition, signed only by Russell and not an attorney, liberally, it seems probable Russell's allegations apply to numerous inmates. The State has not denied Russell's allegation that the jail has an established maximum containment period of four months (*See* Idaho Sheriff's Association and Idaho Association of Counties, *Minimum Jail Standards*, quoted in footnote 3, *supra*, (created to comply with I.C. § 20–622)), partly because of lack of staff, programs, and services. The nature of Russell's allegations considered in light of the alleged inadequacy of staff, programs and services strongly suggest the indignities suffered by Russell are likely to be *repeated* upon other inmates at Lewis County jail, contrary to the determination of the Court of Appeals.

The district judge and the justices of this Court are all aware of the doctrine that where a case which normally would be considered "moot" is one which is "capable of repetition and which yet evades review," that the mootness doctrine is not to be applied. Despite our knowledge of the law, both the district court and this Court avoid our responsibility under our oath of office by the escape valve of saying the case is moot because the petitioner who brings the conditions to our attention by way of habeas corpus is no longer incarcerated in the particular jail.

At the trial court level, the time standards provide for complete processing of the case within six months. Thus, most defendants will either be released or shipped off to prison before a full hearing can be conducted before the trial court, and certainly before an appeal can be perfected. This defendant suffered the unfortunate experience of having the arresting officer's gun accidently go off and shoot him in the leg—the Idaho courts, by refusing even a hearing at either the trial or appellate level are in effect purposely (not accidently) shooting him in the other leg.