808 P.2d 1324

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Douglas Dean HENDERSON, Defendant–Appellant.**

**No. 18269, 18349.**

Court of Appeals of Idaho.

Jan. 22, 1991.

Rehearing Denied March 6, 1991.

Petition for Review Denied May 7, 1991.

Alan E. Trimming, Ada County Public Defender, Mark F. Stewart, Deputy Public Defender, Boise, for appellant. Mark F. Stewart argued.

Jim Jones, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., Boise, for respondent. Michael A. Henderson argued.

SILAK, Judge.

The sole issue raised in this appeal is whether a prisoner is entitled to credit, against a prison sentence imposed as a

result of a probation violation, for time served in the county jail as a condition of that probation.[1] Because we find that the issue is moot, we dismiss the appeal.

In 1985, pursuant to a plea agreement, Douglas Dean Henderson pled guilty to one count of issuing a check without sufficient funds, I.C. § 18–3106(a), and one count of fraudulent use of a financial transaction card, I.C. §§ 18–3124, 18–3127. The district court sentenced Henderson to the custody of the Board of Correction for indeterminate, concurrent terms of three years on the check charge and two years on the credit card charge. The sentence was suspended, and Henderson was placed on probation for five years. As a condition of probation, he served 90 days in the Ada County jail, toward which he was given credit for approximately 82 days served prior to sentencing.

Henderson later admitted to violating his probation by committing a misdemeanor (driving without privileges). On September 19, 1988, his probation was revoked, and he was sentenced to an indeterminate term of eighteen months in the custody of the Board of Correction to be served concurrently with sentences imposed in two other cases.

On May 24, 1989, Henderson filed a motion to correct the prison sentence by giving him credit for the time he served in the county jail as a condition of his probation. The district court entered an order denying the motion on August 4, 1989. It is this order from which Henderson appeals. The state argues that this appeal is moot because Henderson completed his prison term and was discharged from the Idaho State Correctional Institution on November 30, 1989. Alternatively, the state argues that the order of the district court should be affirmed on the merits.

■ As this Court stated in *Adams v. Killeen*, 115 Idaho 1034, 1035, 772 P.2d 241, 242 (Ct.App.1989), "A criminal case will be found moot only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction. *Sibron v. New York*, 392 U.S. 40, 57 [88 S.Ct. 1889, 1899, 20 L.Ed.2d 917] (1968); *Smith v. State*, 94 Idaho 469, 471, 491 P.2d 733, 735 (1971)." In the instant case, we note that Henderson has completed his prison term, was discharged from prison, and was not placed on parole. He no longer has a legally cognizable interest in the outcome of this appeal. In addition, we discern no possibility of collateral legal consequences being imposed upon Henderson as a result of the alleged failure to give credit for time served in the county jail.

■ Henderson argues that this appeal falls within the public interest exception to the mootness doctrine. As we stated in *Russell v. Fortney*, 111 Idaho 181, 183, 722 P.2d 490, 492 (Ct.App.1986), the exception applies to issues which, although technically moot at the time of appeal: (1) are of wide concern; (2) affect the public interest; (3) are likely to recur in a similar manner; and (4) because of the brief time any one person is affected, would otherwise likely escape judicial review. *Mallery v. Lewis*, 106 Idaho 227, 678 P.2d 19 (1983); *Robinson v. Bodily*, 97 Idaho 199, 541 P.2d 623 (1975); *Nelson v. Marshall*, 94 Idaho 726, 497 P.2d 47 (1972); *Wickham v. Fisher*, 629 P.2d 896, 899 (Utah 1981). In other words, the issue is "capable of repetition, yet evading review." *Roe v. Wade* 410 U.S. 113, 125, 93 S.Ct. 705, 713, 35 L.Ed.2d 147 (1973). While it is possible that this issue may recur in a similar manner, we believe it is highly unlikely that it would escape judicial review. We note that, in the instant case, Henderson did not file the motion to correct his indeterminate eighteen-month sentence until eight months after the sentence was imposed. Approximately six months after the motion was

1. In his brief, appellant also argued that he should have been given credit for the time he served after being arrested on bench warrants for alleged probation violations. That issue was waived at oral argument by appellant's counsel.

filed, Henderson was discharged from the Idaho State Correctional Institution. In a subsequent case involving a sentence of similar length, a prompt appeal on this same issue would probably be decided before the appellant's discharge from prison.

Appeal dismissed as moot.

WALTERS, C.J., and SWANSTROM, J., concur.