*40 P.3d 133*

**STATE of Idaho, CHILD SUPPORT SERVICES, Plaintiff–Respondent,**

v.

**Charles E. SMITH, Defendant–Appellant.**

No. 27126.

Court of Appeals of Idaho.

Dec. 20, 2001.

Charles Smith, Boise, pro se appellant.

Hon. Alan G. Lance, Attorney General; Brian R. Blender, Deputy Attorney General, Boise, for respondent.

SCHWARTZMAN, Chief Judge.

Charles E. Smith appeals from the order of the magistrate dismissing his motion captioned "Motion to Terminate Income Withholding," which requested both a reduction in the amount of child support ordered while incarcerated and relief from mandatory income withholding. We vacate the magistrate's order and remand this case for further proceedings.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

On October 3, 1989, a child was born of the relationship between Smith and Barbara Anaya. Smith acknowledged paternity after the Department of Health and Welfare (H & W) initiated paternity proceedings in April 1994 on behalf of Anaya and the child. From December 1995 until February 25, 2001,

Smith was incarcerated at the Idaho State Penitentiary for a felony conviction of driving under the influence.

On January 17, 1996, Smith was served with a complaint for child support and reimbursement. A default judgment was entered in favor of H & W's Bureau of Child Support Services (BCSS) against Smith on February 13, 1996, ordering him to pay $119 a month in child support, arrearages, attorney fees, the costs of health insurance for the child, and one-half of any uncovered health care expenses. The default judgment also authorized automatic and immediate income withholding.

On July 2, 1997, Smith filed a motion to modify child support based upon his incarceration. Following a hearing, the magistrate ordered Smith's monthly child support obligation reduced to $50 per month until thirty days after his release from incarceration. The modified support order contained the same automatic and immediate income withholding provision of the default judgment and provided for review in one year. On October 14, 1998, BCSS sent a form document titled "Order/Notice to Withhold Income for Child Support" to the Department of Corrections, stating that a total of $100 per month was to be deducted from any pay Smith received and that the total amount withheld could not exceed 50 percent of Smith's aggregate weekly disposable earnings.[1] On October 26, 1998, the magistrate ordered Smith's monthly child support obligation continued at $50 per month until thirty days after his release from incarceration.

On September 9, 1999, Smith filed a motion to terminate income withholding based upon his income of $35 a month, a Department of Corrections directive requiring him to make a co-payment for medical and dental care, and a requirement that he pay for his own personal hygiene products. Smith filed a notice of hearing and provided a statement of credits and debits from his inmate account and a copy of the Order/Notice to Withhold Income for Child Support from the BCSS. The BCSS objected to Smith's motion to terminate income withholding, arguing that Smith would receive medical and dental care in prison regardless of his ability to make a co-payment. Following a hearing, the magistrate dismissed Smith's motion to terminate income withholding for lack of jurisdiction over an income withholding order not issued by the court. Smith appealed to the district court. On intermediate appeal, the district court affirmed the dismissal by the magistrate, albeit on the basis that the income withholding order had been issued by the BCSS, rather than the court, and that Smith had failed to exhaust his available administrative remedies. Smith again appeals.

## II.

## STANDARD OF REVIEW

 Our review of a magistrate's decision is made independently from, but with due regard for, the decision of a district court sitting in an appellate capacity. *Stonecipher v. Stonecipher*, 131 Idaho 731, 734, 963 P.2d 1168, 1171 (1998); *McAffee v. McAffee*, 132 Idaho 281, 284, 971 P.2d 734, 737 (Ct. App.1999). The magistrate's findings of fact will be upheld if they are supported by substantial and competent evidence. *Stonecipher*, 131 Idaho at 734, 963 P.2d at 1171. Issues of law are freely reviewed by this Court. If the law has been properly applied to the facts as found, the judgment will be upheld on further appeal. *Id.*

## III.

## DISCUSSION

### A. Introduction

Smith's motion sought relief from the income withholding order and a modification of, or relief from, the obligation to pay child support. He argued that the $50 a month support obligation exceeded his total monthly income while incarcerated. The magistrate ruled that it did not have jurisdiction to consider Smith's motion based on its finding that the income withholding order was issued

---

1. The $100 garnishment figure is composed of $50 in current support and $50 in past-due support.

by the BCSS rather than the court. On appeal, the district court affirmed the magistrate's order under the right result/wrong basis theory, explaining that Smith had failed to exhaust available H & W administrative remedies.

## B. Mootness

■ Health and Welfare claims that Smith's issue on appeal is moot because, although it concedes that Smith may have had a valid claim, he has since been released from incarceration and is no longer subject to the income withholding order against his inmate account. Ordinarily, where there is no longer a live controversy between the parties, the case is dismissed as moot. *See Great Beginnings Child Care, Inc. v. Office of Governor of State of Idaho,* 128 Idaho 158, 911 P.2d 751 (1996); *State v. Hargis,* 126 Idaho 727, 730, 889 P.2d 1117, 1120 (Ct.App. 1995). However, there is a well-recognized exception to mootness when issues of wide concern affect the public interest, are likely to recur in a similar manner, and, because of the brief time any one person is affected, would otherwise likely escape judicial review. *State v. Henderson,* 119 Idaho 579, 580, 808 P.2d 1324, 1325 (Ct.App.1991). In other words, an issue is not moot if it is "susceptible to recurrence yet evading review." *Hargis,* 126 Idaho at 730, 889 P.2d at 1120.

■ Under this exception a court may, in its discretion, consider the appeal even where there is no longer a live controversy between the litigants. *Id.* It is likely that other inmates' institutional accounts are being subject to mandatory withholding for child support. We therefore conclude that the public interest exception to mootness applies to Smith's case.

## C. Magistrate Court Jurisdiction Regarding Modification Of A Child Support Order And The Inapplicability Of Administrative Exhaustion

■ In this case, all the child support orders were issued in the magistrate division of the district court. Idaho Code § 7–1008, which concerns the court's jurisdiction to issue child support orders, provides in pertinent part that:

(1) A tribunal of this state issuing a support order consistent with the law of this state has *continuing, exclusive jurisdiction* over a child support order:

(a) As long as this state remains the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued; or

(b) Until each individual party has filed written consent with the tribunal of this state for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction. (Emphasis added.)

Thus, the magistrate division of the district court has continuing and exclusive jurisdiction over the child support orders it issued in Smith's case. I.C. §§ 7–1008(1). The magistrate erred in ruling that he lacked subject matter jurisdiction over Smith's request for modification of the child support order.

■ Nowhere in the overlaying statutes of Idaho's child support enforcement scheme is H & W provided with the power to administratively impose an order of child support. While IDAPA 16.03.03.601 provides for a right to request internal review of child support orders being enforced by H & W, such regulation is not subject to the administrative exhaustion requirement.[2] The regulation

---

2. IDAPA 16.03.03.601 (7-1-98), Review and Modification of Support Orders, provides:

01. **Notice.** Each parent subject to a child support order in effect in the State that is being enforced by Child Support Services shall be notified of the right of the parent to request a review of the order by Child Support Services every thirty-six (36) months. Reviews are not to be done more frequently unless there has been a substantial and material change in circumstances.

02. **Review.** A support order shall be reviewed for possible modification at the request of either parent subject to the order or a state child support services agency.

03. **After The Review.** Each parent will be notified of the proposed adjustment or of the determination that there should be no change in the amount of child support.

04. **Adjustment.** A modification of a support order will only be sought upon a showing of substantial and material change in circumstances which results in an obligation under the Child Support Guidelines which differs from the existing order by at least fifteen percent (15%), but not less than fifty dollars ($50)

only provides a vehicle under which any obligee receiving public benefits or obligor can seek to have the BCSS unit obtain a modification of child support. The continuing, exclusive jurisdiction of the Idaho court issuing the child support order is not affected by this regulation.

The magistrate erred as a matter of law by refusing to consider the merits of Smith's motion to modify his obligation to pay child support.

### D. Smith's Motion To Terminate Income Withholding and Inapplicability Of Administrative Exhaustion

The district court, on intermediate appeal, ruled that Smith was required to exhaust administrative remedies provided by H & W before the magistrate could consider Smith's motion to terminate income withholding. We disagree.

Idaho Code § 67–5271(1), regarding exhaustion of administrative remedies, provides that "[a] person is not entitled to judicial review of an agency action until that person has exhausted all administrative remedies required in this chapter." *See also* I.C. § 67–5270. Thus, the key issue is whether there is an administrate action here.

> per month. The following criteria shall be applied by Child Support Services to determine whether there has been a substantial and material change of circumstances:
> a. Whether there has been an increase or decrease in the income, as the term is defined in the Child Support Guidelines, of either parent or other person legally obligated for the support of a child;
> b. Whether there has been a substantial increase or decrease in the assets of either parent or other person legally obligated for the support of a child;
> c. Whether there has been a substantial change in the needs of the child;
> d. Whether there has been a change in the custody or visitation rights of the non-custodial parent; and
> e. Whether other factors exist indicating a substantial and material change in circumstances since the entry or modification of the support order.

3. Health and Welfare's administrative rules governing child support withholding orders are limited to defining the form of a withholding order. See IDAPA 16.03.03.602 (promulgated 7/1/98).

When a child support order is issued, or any time thereafter, a court may also order mandatory and immediate income withholding. I.C. § 32–1204. Pursuant to I.C. § 32–1206(5), "the [H & W] department shall supply each county with forms for income withholding orders and answers that comply with the rules promulgated by the department." [3] Once the magistrate court has issued such an order, it retains continuing jurisdiction until all duties of support are satisfied. I.C. § 32–1206(7).

Idaho Code § 32–1207 provides the statutory basis for H & W's actions regarding income withholding, subject to certain procedural safeguards by which H & W's action can be challenged by the obligor.[4] Subsection (1) states, "If the support order provides for immediate income withholding pursuant to section 32–1204, Idaho Code, the department shall commence income withholding." Subsection (2) vests H & W with authority to "commence" withholding where the court's support order does not provide for immediate income withholding *and* the obligor is delinquent. I.C. § 32–1207(2). In this case, the magistrate's child support orders provided for automatic and immediate income withholding. In ordering mandatory income withholding, the magistrate had already determined the amount of current sup-

4. Idaho Code § 32–1207(2) also requires that H & W notify the obligor:

> (a) Of the amount of the delinquency owed and the amount of income withheld;
> (b) That the provision applies to all subsequent employers;
> (c) Of the right to request an administrative review; and
> (d) That the review is limited to mistakes of fact, which means an error in the amount of current support or delinquency, or the identity of the alleged obligor, and that no issues may be considered that have been litigated previously. If the obligor requests an administrative review within fourteen (14) days from the day the notice was mailed, the collection of arrears by income withholding shall be stayed. The department shall review the income withholding order within thirty-five (35) days, issue a decision and amend or void the income withholding order, if necessary. Any amounts which are found to have been withheld in error due to a mistake of fact will be returned to the obligor or credited towards the obligor's future payments.

port and/or delinquency and the identity of the alleged obligor—Smith. Therefore, when H & W ordered the Department of Correction to begin withholding from Smith's inmate account, it was acting pursuant to subsection (1) of I.C. § 32–1207. Such action constitutes a ministerial act—the transmission of the magistrate's order for immediate and mandatory withholding to the Department of Corrections on a H & W form pursuant to I.C. § 32–1206(5). Thus, we conclude that the administrative exhaustion requirement set forth in I.C. § 67–5271(1) is inapplicable here. The magistrate court has continuing and exclusive jurisdiction over orders for immediate and mandatory withholding. I.C. § 32–1206(7).

### E. Summary

Having concluded that the magistrate erred by not reaching the merits of Smith's motion, we turn to the substance of that motion. The magistrate was required to address whether the amount of the continuing child support obligation and the amount to be withheld under the order of mandatory income withholding were beyond Smith's ability to pay as an incarcerated person. *See Nab v. Nab,* 114 Idaho 512, 757 P.2d 1231 (Ct.App.1988). A noncustodial parent who is imprisoned for a crime other than for nonsupport remains liable for child support payments unless that parent affirmatively shows he or she has insufficient assets to make such payments. *Id.* at 519, 757 P.2d at 1238. The burden of proving a change in the ability to pay support is on the party moving for a modification. *Id.* at 521, 757 P.2d at 1240,. In making this determination, the trial court must review all the relevant facts and determine whether the assets and income available to Smith are sufficient to pay for child support, and if not, the support order should be modified accordingly. *Carr v. Carr,* 116

Idaho 754, 756, 779 P.2d 429, 431 (Ct.App. 1989) (citing *Nab,* 114 Idaho at 519–20, 757 P.2d at 1238–39). As this court explained in *Nab:*

> Imposing upon the incarcerated parent a continuing support obligation, beyond his ability to pay, does not help the child. It simply adds to an accumulating burden which falls upon the parent at a time when he is least able to bear it—immediately upon release from prison.

114 Idaho at 519, 757 P.2d at 1238. While Idaho law prohibits the modification of support accruing prior to the date of the motion, *Nab,* 114 Idaho at 520, 757 P.2d at 1239, Smith is entitled to determination of whether the amount of child support from the time of his motion, filed September 9, 1999, exceeded his ability to pay. On remand, the trial court should decide Smith's request to modify the amount of child support contained in his "Motion to Terminate Income Withholding" on its merits and then address whether Smith was entitled to relief from mandatory income withholding after September 9, 1999.

## IV.

### CONCLUSION

The order of the magistrate is vacated and the case is remanded to the magistrate division of district court for further proceedings consistent with the views expressed herein.

Judge LANSING and Judge PERRY, concur.