707 P.2d 467

**STATE of Idaho, Plaintiff-Respondent,**

v.

**David Dalton WALKER, Defendant-Appellant.**

**No. 15044.**

Court of Appeals of Idaho.

Sept. 18, 1985.

Respondent's Petition for Review Dismissed Sept. 30, 1985.

Appellant's Petition for Review Denied Dec. 13, 1985.

Michael J. Vrable, Coeur d'Alene, for defendant-appellant.

Jim Jones, Atty. Gen. by Lynn E. Thomas, Sol. Gen., David Hammerquist, Sp. Deputy Atty. Gen., Patrick J. Kole, Deputy Atty. Gen. (argued) Boise, for plaintiff-respondent.

## UPON DENIAL OF PETITION
## FOR REHEARING

This opinion supersedes prior opinion issued August 5, 1985, which is hereby withdrawn.

358

BURNETT, Judge.

Following a jury trial, David Walker was adjudged guilty of obtaining money under false pretenses and of conspiracy to commit the same offense. He received two concurrent and indeterminate four-year sentences. On appeal he raises a host of issues that we have consolidated into five questions. (1) Did the district court err in admitting testimony by an alleged co-conspirator concerning extrajudicial statements made by Walker? (2) Did the court err by admitting evidence of extrajudicial acts and statements by the alleged co-conspirator? (3) Did the court err by admitting evidence of other "bad acts" allegedly committed by Walker? (4) Was it permissible, under I.C. § 18–301, to try and to convict Walker on both the charge of obtaining money under false pretenses and the charge of conspiracy? (5) Should the case have been dismissed due to insufficient proof of probable cause at the preliminary hearing? For reasons set forth below, we affirm the judgment of conviction for conspiracy but reverse the judgment of conviction for the underlying offense.

■■■■ The first issue is whether the testimony of an alleged co-conspirator, concerning incriminatory statements made by Walker, should have been excluded. Walker argues that the testimony was hearsay and that the factual foundation necessary to invoke the co-conspirator exception to the hearsay rule had not been established. It may not be entirely correct to speak of such testimony as hearsay or to presume that a co-conspirator exception is required to make it admissible. Where testimony concerns statements by a defendant, it may be viewed as containing an admission by a party opponent. Indeed, the new Idaho Rules of Evidence appear to treat co-conspirator testimony and declarations as though they were such admissions. The statements are deemed to be nonhearsay rather than exceptions to the hearsay rule, as prior case law characterized them. *See* I.R.E. 801(d)(2). In any event, we will presume, for the sake of discussion, that independent evidence of a conspiracy must be presented, regardless of the label placed on the rule of admissibility. Such evidence need not precede the co-conspirator's testimony. *State v. Brooks,* 103 Idaho 892, 655 P.2d 99 (Ct.App.1982).

■■ In this case, Walker was accused of conspiring with one Mort Castleton to obtain money through a sham sale of nonexistent truck trailers. The co-conspirator's testimony tended to show that he and Walker discussed an arrangement for Walker to sell nonexistent trailers to—and for Castleton to "lease" them from—an unsuspecting third party. According to Castleton, Walker suggested that after the buyer paid for the trailers, they should be reported stolen, thus avoiding the rental obligation. Walker and Castleton would divide the sale proceeds.

The extrinsic evidence, simplified for clarity here, tended to show that Walker contacted a leasing company about the possibility of leasing two trailers and other equipment to Castleton. The trailers would be manufactured and sold to the leasing company by Walker. Castleton and the leasing company subsequently entered into such a lease. The trailers were ordered from Walker, a manufacturer's statement of origin was delivered by Walker, and payment in full was tendered to Walker. The trailers did not then exist.

Castleton did not report the trailers stolen but neither did he make timely lease payments. The leasing company undertook to repossess the equipment. The company's representative contacted Walker regarding the location of the trailers. Walker indicated that he did not know but that he would "keep his eyes open for them." Subsequently, the representative spoke with Castleton who said the trailers were on the road and could not be examined. When an increasingly suspicious company representative contacted Castleton again, Castleton borrowed a set of stamp dies from Walker and altered the serial number on an existing trailer in his possession, making it appear to be one of the "leased" trailers. In addition, Castleton borrowed another existing trailer from Walker. As

fate would have it, that trailer was being serviced by Walker for a business affiliated with the leasing company. When Castleton showed the two trailers to the company representative, the representative recognized one of them. He confronted Walker and Walker ultimately admitted that the leased trailers never had been manufactured. One trailer later was built, about a year after the "sale," and the leasing company was allowed to take possession of Castleton's other, existing trailer.

Upon this record, we believe the state presented substantial independent evidence of the existence of a conspiracy. We conclude that a sufficient factual foundation was established for the admission of Castleton's testimony as a co-conspirator.

█ Walker next contends that evidence of any extrajudicial statements made by Castleton, after the leasing company paid for the trailers, was inadmissible because receipt of the money marked the end of the alleged conspiracy. Indeed, under I.R.E. 801(d)(2), which mirrors the federal rule, extrajudicial declarations by a co-conspirator after the conspiracy has ended are inadmissible hearsay. *See State v. Caldero,* 109 Idaho 80, 705 P.2d 85 (Ct.App.1985). However, the instant case was tried before the Idaho Rules of Evidence were adopted. The prior case law, although not entirely clear, appeared to reflect a less restrictive approach, allowing a co-conspirator's out-of-court statements during the "concealment phase" of a conspiracy to be admitted. *See State v. Thomas,* 94 Idaho 430, 489 P.2d 1310 (1971). Therefore, we hold that when this case was tried, Idaho case law did not prohibit the state from presenting evidence of extrajudicial statements by Castleton, even though made while attempting to conceal the conspiracy. The district court did not err in allowing the testimony.

The next question is whether the district court erred in admitting evidence of "other bad acts" by Walker. The challenged evidence consists in part of an inference that Walker encouraged the commission of an insurance fraud by suggesting that Castle-ton report the "leased" trailers stolen. The evidence also consists of testimony by the leasing company's executive, stating that he had encountered another sham transaction where Walker was involved.

█ In Idaho, evidence of other bad acts is inadmissible if offered merely to show a criminal propensity in the accused. *State v. Needs,* 99 Idaho 883, 591 P.2d 130 (1979). However, "[e]vidence of other crimes is admissible when relevant to prove (1) motive, (2) intent, (3) the absence of mistake or accident, (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, (5) the identity of the person charged with the commission of the crime on trial, and (6) other similar issues." *State v. Wrenn,* 99 Idaho 506, 510, 584 P.2d 1231, 1235 (1978). Additionally, evidence of extrinsic crimes may be admitted if the testimony is necessary to give a full and complete description of the events surrounding the commission of the crime. *State v. Izatt,* 96 Idaho 667, 534 P.2d 1107 (1975). Any such evidence may be excluded if the district judge, exercising sound discretion, determines that its unfair prejudicial effect outweighs its probative value.

█ In this case, the inference of insurance fraud was an unavoidable product of a full and complete presentation of Walker's participation in the offenses alleged here. The evidence of another sham transaction was, in our view, admissible to show a common scheme or plan. It tended to prove that in the instant transaction, there was no bona fide intent actually to build the "leased" trailers. In both transactions the same business relationships were used to achieve similar results. Trailers were ordered and supposedly leased, payment was made, but the equipment was not manufactured. The pattern was so similar that proof of one transaction tended to make the other more probable. The probative value outweighed the unfair prejudice, if any. The evidence was properly admitted.

■ Walker next challenges the joinder of the conspiracy charge and substantive charge of obtaining money under false pretenses, and he challenges the entry of judgments on both. Idaho Code § 18–301 provides as follows:

An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other.

In *State v. Gallatin*, 106 Idaho 564, 682 P.2d 105 (Ct.App.1984), we held that the statute prohibits convictions for both a substantive offense and a conspiracy to commit the offense if the overt acts establishing participation in the conspiracy are the same acts establishing commission of the substantive offense.

In this case the acts constituting the crime of obtaining money under false pretenses also were those showing participation in the conspiracy. Walker did no more as a principal to obtaining money under false pretenses than he did in furtherance of the conspiracy. Therefore, we hold that I.C. § 18–301 is contravened by the two convictions in this case.

*Gallatin* also tells us which of the convictions must be set aside. In that case, a majority of this Court concluded that where a defendant was found guilty of acts comprising both conspiracy to deliver a controlled substance and aiding or abetting such delivery, the conviction for conspiracy would stand and the conviction for the substantive offense would be set aside. Accordingly, in this case we will uphold the conspiracy conviction but we must set aside the conviction and four-year sentence for obtaining money · under false pretenses. This conclusion makes it unnecessary to decide whether the charges were improperly joined for trial at the outset.

■ We next examine Walker's contention that the district court erred in denying a motion for judgment of acquittal. His argument is twofold. First, he contends that there was no fraudulent representation of an existing or past fact to support the conviction for obtaining money under false pretenses. That question arguably has been mooted by setting aside the conviction for the substantive offense. In any event, we would be unpersuaded of the argument on its merits. The record is adequate to support a finding that Walker told the leasing company he would manufacture two trailers although he did not then actually intend to do so.

■ Second, Walker attacks the sufficiency of the evidence to show an agreement with Castleton to violate the law. This argument is based upon uncontroverted evidence showing that the leasing company knew the trailers had not been completed, and had not been put in Castleton's possession, when the manufacturer's statements of origin were received. It is also based upon testimony by Castleton that he and Walker did not mutually intend to carry out their fraudulent scheme. However, when all the evidence is considered, there is a substantial basis to infer an agreement to break the law, accompanied by the intent to do so. The extrinsic facts and the conduct of the parties, summarized above, show such an agreement and intent. Among other things, Walker, upon being paid for trailers he had not undertaken to manufacture, gave a portion of that payment to Castleton. He assisted Castleton in attempting to "cover up" the nonexistence of the trailers. Although much evidence in this case is controverted, the jury was entitled to weigh it and to assess the credibility of witnesses. The jury's finding of a conspiracy will not be disturbed.

■ Finally, Walker maintains that the district court should have dismissed the case because the proof of probable cause during the preliminary hearing was inadequate. We need not evaluate the finding of probable cause. Where, as here, a defendant receives a fair trial and is adjudged guilty upon sufficient evidence to sustain the verdict, the judgment will not be over-

turned for defects in proof at the preliminary hearing. *See State v. Mitchell,* 104 Idaho 493, 660 P.2d 1336 (1983); *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975).

We conclude that the judgment of conviction for conspiracy to obtain money under false pretenses must be affirmed. The judgment of conviction for obtaining money under false pretenses is reversed.

WALTERS, C.J., and SWANSTROM, J., concur.