16 P.3d 305

**Alan Lee BRANDT, Petitioner–Appellant,**

v.

**IDAHO COMMISSION FOR PARDONS AND PAROLE, Respondent.**

Nos. 25313, 25314.

Court of Appeals of Idaho.

Dec. 5, 2000.

Alan Lee Brandt, Boise, pro se appellant.

Hon. Alan G. Lance, Attorney General; Timothy R. McNeese, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

In this consolidated appeal, Alan Lee Brandt challenges the dismissal of his two petitions for writs of habeas corpus. We reverse and remand the actions for further proceedings.

## I.

### FACTS AND PROCEDURAL HISTORY

On May 16, 1998, Brandt was arrested and placed in the Twin Falls County jail on a misdemeanor charge of resisting and obstructing law enforcement officers. At that time, he was on parole, and on the day of his arrest he was also served with a parole violation warrant alleging two violations, one for the misdemeanor charge and one for consumption of alcohol. At a May 18, 1998 probable cause hearing in the misdemeanor case, a magistrate found probable cause to believe that Brandt committed the resisting and obstructing offense. Bond was set at $1,500. However, Brandt was not eligible for release from jail on bond because he was also being held on the alleged parole violations for which bond is not authorized.

On June 4, 1998, Brandt filed a petition for a writ of habeas corpus alleging that his due process rights had been violated because he had not been given a hearing to determine whether there was probable cause to believe that he had violated his parole. On June 8, 1998, the magistrate denied Brandt's petition. The magistrate reasoned that the May 18 misdemeanor probable cause hearing satisfied Brandt's right to a hearing to determine the existence of probable cause for the parole violation warrant.

Brandt filed a second petition for a writ of habeas corpus on June 19, 1998. This time, he alleged that he was being prevented from bonding out of jail due to the parole violation warrant and that the warrant was invalid because Brandt had already served the entirety of his sentence on the charge for which he had been paroled. Thus, Brandt asserted, he was no longer properly subject to parole. On June 23, the magistrate denied this petition as well. The magistrate held that the petition was premature because Brandt was lawfully in custody pending trial on the obstruction charge, for which he had never posted bond.

Both of these decisions were appealed to the district court. The district court affirmed the rulings of the magistrate. This consolidated appeal followed.

## II.

### ANALYSIS

**A. The Dismissal of Brandt's First Petition Was Erroneous Because the Ex Parte Probable Cause Hearing in a Misdemeanor Case Does Not Satisfy Due Process Standards Under _Morrissey v. Brewer._**

Brandt's allegation in his first habeas corpus petition that he was entitled to a proba-

ble cause hearing on the alleged parole violations was based upon the United States Supreme Court's holding in *Morrissey v. Brewer*, 408 U.S. 471, 485, 92 S.Ct. 2593, 2602, 33 L.Ed.2d 484, 496 (1972). In that case, the Supreme Court held that the constitutional guarantee of due process requires a two-step hearing process prior to the revocation of parole. The first step is a minimal inquiry, "in the nature of a 'preliminary hearing.'" *Id.* It must be conducted at or reasonably near the place of the alleged violation and as promptly as reasonably convenient to determine whether there is probable cause to believe there has been a parole violation. *Id.* This determination must be made by a neutral official who is uninvolved in the parolee's case; i.e., someone other than the parole officer who reported the alleged violations or recommended revocation. *Id.* at 485–86, 92 S.Ct. at 2602–03, 33 L.Ed.2d at 496–97 The parolee has the right to notice of this hearing and of the nature of the violations that are alleged. The parolee also is entitled to appear and speak in his or her own behalf and to bring letters, other documents, or individuals who can give evidence to the hearing officer. *Id.* at 487, 92 S.Ct. at 2603, 33 L.Ed.2d at 497. On the parolee's request, the source of adverse information upon which the violation report is based must be made available for questioning in the parolee's presence. *Id.*

The second step in the procedure mandated by *Morrissey* is a more extensive final hearing to determine whether a violation has occurred and, if so, whether the parole should be revoked. At this hearing, the parolee must have an opportunity to be heard and to present evidence that the conditions of parole were not violated or that mitigating circumstances weigh against revocation. *Id.* at 487–88, 92 S.Ct. at 2603–04, 33 L.Ed.2d at 497–98. This hearing is not the equivalent of a trial, but it does carry some of the same procedural safeguards, such as the right to confront adverse witnesses. *Id.* at 489, 92 S.Ct. at 2604, 33 L.Ed.2d at 499.

■ In this appeal, Brandt argues that the magistrate erred in holding that the probable cause hearing conducted on the misdemeanor charge was the equivalent of the preliminary prerevocation hearing described in *Morrissey*. Before addressing the merits of this claim, we briefly digress to acknowledge the possibility that the issue is moot. The record before this Court on appeal does not reveal the ultimate disposition of the parole violation charges. If Brandt has received a hearing of the second type mandated by *Morrissey*, his claim predicated upon a denial of the initial *Morrissey* hearing is moot. Brandt would not now be entitled to relief merely because the preliminary prerevocation hearing was not granted or was untimely. *Cf. State v. Reutzel*, 130 Idaho 88, 936 P.2d 1330 (Ct.App.1997) (holding that defendant was not entitled to have a dismissal of the criminal charge as a remedy for the unjustified delay in holding his preliminary hearing); *Gawron v. Roberts*, 113 Idaho 330, 743 P.2d 983 (Ct.App.1987) (noting that a delay in holding an initial *Morrissey* hearing does not deprive the court of jurisdiction with respect to the underlying probation violation charges or result in their dismissal). However, even if the issue raised by this appeal has been rendered moot by subsequent events that are not reflected in the record, the issue merits a determination because it presents a question of significant public interest that would otherwise evade review.

> If [an] alleged constitutional violation is likely to be repeated, and the duration of the violation to any one individual's rights is predictably less than the time ordinarily required to obtain a hearing on the issue, and the alleged violation is of strong public interest, then the mootness doctrine will not apply.

*Gawron v. Roberts*, 113 Idaho at 332, 743 P.2d at 985 (quoting *Russell v. Fortney*, 111 Idaho 179, 180, 722 P.2d 488, 489 (1986), Huntley, J., dissenting from order denying petition for review). *See also Selkirk Seed Co. v. Forney*, 134 Idaho 98, 101, 996 P.2d 798, 801 (2000); *State v. Henderson*, 119 Idaho 579, 580, 808 P.2d 1324, 1325 (Ct.App. 1991). Accordingly, we will review the magistrate's order dismissing Brandt's first petition for a writ of habeas corpus.

■ We conclude that the magistrate erred in holding that the probable cause

determination made in the misdemeanor proceeding sufficed to meet the *Morrissey* requirement for a preliminary probable cause determination on the reported parole violations. This conclusion is compelled because the procedures for a probable cause determination in a misdemeanor case do not include the procedural safeguards mandated by *Morrissey*. Idaho Criminal Rule 5(c) sets forth the procedures for a post-arrest determination of probable cause in a misdemeanor case:

> In the event the defendant was arrested without a warrant, the magistrate before whom the defendant first appears shall not hold the defendant in custody nor require bail without first making a determination as to whether there is probable cause to believe that an offense has been committed and that the defendant committed it as provided in Rule 4 .... *The probable cause hearing may be an ex parte hearing which does not require the presence of the defendant* .... The magistrate *may hold the hearing on sworn statements without the officer or witness present.*

(Emphasis added.) This rule does not require notice to the defendant that his continued status on parole is in question, and as the emphasized language of the rule shows, at a misdemeanor probable cause hearing the defendant is not entitled to be present, to examine witnesses, or to present evidence. Nothing in the record here indicates that the probable cause hearing conducted in Brandt's misdemeanor case was anything other than the minimal, ex parte proceeding authorized by Rule 5(c).[1]

The magistrate relied upon the Ninth Circuit Court of Appeals' decision in *Reese v. United States Board of Parole*, 530 F.2d 231 (9th Cir.1976), but we find that decision inapplicable. In *Reese*, the two petitioners were convicted of new felonies while on parole. Following those convictions, the U.S. Board of Parole issued parole violator warrants and filed detainers with the correctional institutions where the petitioners were being held on their new convictions. Neither petitioner was given a prompt revocation hearing, and

both filed petitions for writs of habeas corpus alleging a violation of their right to due process. The Ninth Circuit held that the delay in conducting a revocation hearing while the petitioners were incarcerated for their new crimes did not amount to a deprivation of due process. The court pointed out that the risk of prejudice to either party from fading memories and loss of evidence relevant to whether the parole violation occurred was of little import in this circumstance where the parolee had already been convicted upon trial or a guilty plea for the crime that constituted the alleged parole violation.

The *Reese* decision does not support the magistrate's denial of Brandt's petition, for in *Reese* the petitioners had already been *convicted* of the crimes alleged to be parole violations before their arrests on parole violation warrants. The petitioners had received an opportunity to defend against the felony charges in the criminal proceedings, with due process protections far more stringent than those required in a parole violation preliminary hearing. The *Reese* decision indicates that parolees will not be allowed to challenge the validity of their convictions in a later parole revocation proceeding. That ruling was foreshadowed in *Morrissey*, itself, where the Court commented, "Obviously a parolee cannot relitigate issues determined against him in other forums, as in the situation presented when the revocation is based on conviction of another crime." *Morrissey*, 408 U.S. at 490, 92 S.Ct. at 2604, 33 L.Ed.2d at 499. The same considerations are not at play in Brandt's case, where the parole violation warrant was served nearly simultaneously with his arrest for the misdemeanor. At the time that Brandt filed his habeas corpus petition, there had been no adjudication of his guilt on the misdemeanor charge either by a trial or by a guilty plea. Therefore, the *Reese* holding cannot be applied to Brandt's petition.

Accordingly, the magistrate's holding that the probable cause determination in Brandt's misdemeanor case was the equivalent of, and satisfied his right to, a *Morrissey* prelimi-

---

1. We also note that the misdemeanor probable cause hearing would not have addressed Brandt's second alleged parole violation, the consumption of alcohol.

nary hearing on the alleged parole violations was error. We therefore vacate the order denying Brandt's first habeas corpus petition and remand the matter to the magistrate division. It will be for the magistrate to determine whether, in light of the proceedings that have occurred in the trial court subsequent to the order denying Brandt's petition, any remedy for the denial of a preliminary *Morrissey* hearing is now warranted or available.

### B. Brandt's Second Petition for a Writ of Habeas Corpus Was Not Premature.

Brandt's second petition alleged that his underlying felony sentence had been fully served and hence that he was no longer subject to parole when the parole violation arrest warrants were served. He alleged that the Department of Correction had miscalculated his sentence by not properly computing his good time credits.[2] According to Brandt, the proper calculation would show that his sentence had expired on September 16, 1997. The magistrate declined to address the merits of this assertion, ruling that the petition was premature because Brandt had not posted bond in the misdemeanor case and therefore would not be entitled to immediate release even if his contentions regarding his felony sentence were true. Thus, the issue presented on appeal is whether a petitioner must allege facts that would entitle him to *immediate* release in order to have his habeas corpus petition considered on the merits.

In *King v. State,* 91 Idaho 97, 416 P.2d 44 (1966) (*King I* ), the Idaho Supreme Court held that a petition for habeas corpus was premature. *Id.* at 99, 416 P.2d at 46. The petitioner there claimed that he had received an illegal sentence under which he would not be parole eligible for twenty years, whereas under the maximum lawful sentence he would be eligible for parole after serving ten years. The Supreme Court held that King would have to wait until the ten years had passed before his claim could be addressed. *Id.* However, three years later, when King

had served only four years of his sentence, our Supreme Court concluded that a new habeas corpus petition by King was not premature. *King v. State,* 93 Idaho 87, 93, 456 P.2d 254, 260 (1969) (*King II*). In announcing this determination, the Court did not explain the reasons for its change of position on prematurity but merely cited to the United States Supreme Court's decision in *Peyton v. Rowe,* 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968).

In *Peyton,* the Court held that a prisoner who was serving two consecutive sentences could challenge the validity of the second sentence through a habeas corpus petition even though he was still serving the first sentence. The Court overruled *McNally v. Hill,* 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934), which had created the "prematurity doctrine" by holding that the federal habeas corpus statute did not allow attacks upon future consecutive sentences. *Peyton,* 391 U.S. at 67, 88 S.Ct. at 1556, 20 L.Ed.2d at 434. The *Peyton* Court reasoned that delaying habeas corpus proceedings until the allegedly unlawful sentence commenced would prejudice both parties' ability to present evidence on the merits of the petitioner's claims. *Id.* at 62–63, 88 S.Ct. at 1553–54, 20 L.Ed.2d at 432–33. The Court also pointed out that delaying the proceedings until a defendant had begun to serve an unlawful subsequent sentence would cause illegal detention of petitioners which could be prevented by prompt judicial action. *Id.* at 63–64, 88 S.Ct. at 1554, 20 L.Ed.2d at 432–33

The *Peyton* decision was followed by *Preiser v. Rodriguez,* 411 U.S. 475, 487, 93 S.Ct. 1827, 1835, 36 L.Ed.2d 439, 448 (1973), where the Court held that the writ of habeas corpus is available to attack future confinement and obtain future release, as well as to challenge a present illegal detention. The petitioners in *Preiser* were prisoners who alleged that their good conduct time credits had been wrongly taken from them. The narrow issue facing the Court was whether

---

**2.** Idaho's sentencing laws do not allow good time credits for inmates whose offenses occurred after July 1, 1986. However, for offenses that occurred before July 1, 1986, Idaho Code § 20–101A authorizes good time credits which could

shorten an inmate's sentence. Brandt was convicted of several felonies in 1984 for which he received consecutive sentences. He thus claims entitlement to good time credits under the Idaho sentencing laws existing at that time.

the prisoners could bring suit under the Civil Rights Act of 1871, 42 U.S.C. § 1983, or were limited to bringing a habeas corpus action. *Id.* at 477, 93 S.Ct. at 1830, 36 L.Ed.2d at 442–43. The Court decided, relying in part upon *Peyton,* that the petitioners were able to pursue habeas corpus as a means of regaining their good time credits, whether or not the writ would result in their immediate release. *Id.* at 487, 93 S.Ct. at 1835, 36 L.Ed.2d at 448.

In light of the *Peyton* and *Preiser* decisions, and the Idaho Supreme Court's holding in *King II,* which implicitly overruled the prematurity doctrine expressed in *King I,* we conclude that the magistrate erred in dismissing Brandt's second habeas corpus petition on the grounds of prematurity. A prisoner need not wait for his lawful detention to end and his unlawful detention to begin before seeking redress in a court of law. Therefore, this action must be remanded to the magistrate for further proceedings.

### III.

### CONCLUSION

Both of Brandt's petitions for writs of habeas corpus stated grounds for relief, and their dismissal by the magistrate was error. Therefore, the appellate decision of the district court affirming the magistrate's orders is reversed, and both habeas corpus actions are remanded for further proceedings in the magistrate division.

Chief Judge PERRY, concurs.

Judge SCHWARTZMAN, specially concurring:

I concur in the general opinion of this Court, Parts II A. and B., but write only to voice my objection to remanding the first habeas corpus petition back to the trial court for a determination of whether there is some "remedy for the denial of a preliminary *Morrissey* hearing [that] is now warranted or available." This issue is long since moot, and the point has now been made for future cases. No useful purpose will be served by a remand for further proceedings on this issue. Finally, I would further note that this Court has already affirmed Brandt's conviction for the underlying criminal charge of resisting and obstructing a police officer. *See State v. Brandt,* 135 Idaho 205, 16 P.3d 302 (Ct.App. 2000).